HATCH (CHICKERING v.).    See Cases Nos. 2,671 and 2,672.

## Case No. 6,205.

### HATCH v. CODDINGTON et al.

[5 Blatchf. 523.] [1]

Circuit Court, S. D. New York.  Nov. 20, 1867.

WRIT OF ERROR—PROCEDURE BELOW—BOND— SUPERSEDEAS.

1. Where, after a trial, in an action at law, a motion is made for a new trial, and the motion is denied by an opinion of the court filed in the clerk's office, and a judgment is then entered, the ten days within which a writ of error must be sued out to be a supersedeas and stay of execution, does not commence to run from such filing of such opinion, but from the entry, in the clerk's office, of the rule for judgment.

2. Where a judgment is for a large amount, it is discretionary with the court to approve of a bond, intended to operate as a stay, with a penalty less than double such amount, having regard to the security and its sufficiency for the amount embraced in the condition of the bond.

3. In this case, the usual affidavit of the ability of the sureties accompanied the bond at the time of its approval, and, there being no allegation of their inability, the court held the bond to be regular, and did not require any further justification, although the sureties had not justified in compliance with a notice from the defendant in error requiring them to do so.

This was a motion, on behalf of the plaintiff [Edwin A. C. Hatch], for leave to issue execution on a judgment entered in his favor for $43,311, notwithstanding a writ of error had been sued out on the judgment, by the defendants [Thomas B. Coddington and others]. The bond on the writ of error was in the penalty of $45,000, and was executed by two sureties, each of whom justified in the sum of $90,000.

Edward H. Hawke, for plaintiff.
Stephen P. Nash, for defendants.

NELSON, Circuit Justice. The first ground on which the motion is made is, that the

writ of error was not allowed and filed within ten days after the entry of judgment. But this is based on a misapprehension of the practice. The ten days did not commence to run from the filing of the opinion of the court denying the motion for a new trial, but from the entry of the rule for judgment in the clerk's office; and, on the papers, the writ of error was filed within ten days from that time.

The other ground is, that the bond, which was approved by the judge, is informal and not in a sufficient amount, within the act of congress. I think the bond is substantially good and sufficient as to its amount and the ability of the sureties. It is not, indeed, in double the amount of the judgment; but, in the case of a judgment of a large amount, it is discretionary with the court to approve of a bond intended to operate as a stay, with a penalty less than double such amount, having regard to the security and its sufficiency for the amount embraced in the condition of the bond. There is another objection—that the sureties did not justify, in pursuance of a notice by the plaintiff's attorneys, requiring them to justify. The usual affidavit of the ability of the sureties accompanied the bond at the time of its approval, and there it no allegation of their inability; and I am not inclined to require any further justification. Motion denied.